UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-7049-DMG (AJRx) | Date | October 26, 2023 |
|---|---|---|---|
| Title | Omar Guerra v. Clary Corporation, et al. | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [12] AND DEFENDANTS' MOTION TO DISMISS [9]**

Before the Court are Plaintiff Omar Guerra's motion to remand and Defendants Clary Corporation, John Clary, Hugh Clary, and Donald Ash's motion to dismiss.[1] [Doc. ## 9 ("MTD"), 12.] The motions are fully briefed. [Doc. ## 14, 15 ("MTD Opp."), 18 ("MTD Reply"), 19.]

For the reasons discussed below, the Court **GRANTS** Guerra's motion to remand and **GRANTS** Defendants' motion to dismiss.

**I.**
**FACTUAL AND PROCEDURAL BACKGROUND[2]**

Guerra was an employee of Volt Information Sciences, Inc. and Clary Corporation in Monrovia, California as a machine operator for about two years, approximately spanning from March 2018 until May 2020. Compl. ¶¶ 41, 44 [Doc. # 1-1.] Throughout his employment, he performed his job duties in a satisfactory manner without any negative performance reviews. *Id.* ¶ 41.

In or around late March 2020, Guerra began to display COVID-19 symptoms. Upon falling ill, he began to self-quarantine and did not go to work. On April 2, 2020, he went to the hospital where he tested positive for COVID-19 and was hospitalized in critical condition for 15 days. Throughout his hospital stay, he remained in contact with his employer regarding how long he would be unable to work. He alleges that Defendants did not provide him with 80 hours of paid sick time as required by the Families First Coronavirus Response Act ("FFCRA"). *Id.* ¶ 43.

---

[1] Defendant Volt Information Sciences, Inc. ("Volt") did not join the MTD.

[2] The Court accepts Guerra's allegations as true for the limited purpose of deciding the motion to dismiss.

UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-7049-DMG (AJRx) | Date | October 26, 2023 |
| Title | Omar Guerra v. Clary Corporation, et al. | Page | 2 of 4 |

On April 27, 2020, Guerra's doctor cleared him to return to work. *Id.* ¶ 44. Instead of allowing him to return to work, Defendants terminated his employment without explanation. *Id.* ¶¶ 44–45.

On July 24, 2023, Guerra filed suit in Los Angeles County Superior Court against Defendants, alleging ten causes of action for failure to provide COVID pay under the FFCRA, and various state law claims for disability discrimination, wage-and-hour violations, and unfair and unlawful business practices. *See* Compl. ¶¶ 53–182.

## II.
## LEGAL STANDARD

Under Rule 12(b)(6), a defendant may seek to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a pleading need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. *Id.* (citing *Twombly*, 550 U.S. at 555). Legal conclusions, in contrast, are not entitled to the assumption of truth. *Id.*

## III.
## DISCUSSION

Guerra's claim accrued in or around April 2020, and he filed suit on July 24, 2023. Compl. ¶¶ 43–44. The statute of limitations for this kind of FFCRA claim is "two years from the date of the alleged violation (or three years in cases involving alleged willful violations)." *See* Defs.' Request for Judicial Notice, Ex. A (Dep't of Labor Fact Sheet re FFCRA Claims) [Doc. # 10].[3]

Guerra's claim is therefore time-barred on its face. He argues, however, that the statute of limitations on his FFCRA claim should be tolled pursuant to California Rules of Court

---

[3] This RJN seeks judicial notice of an official government webpage of uncontested authenticity, the contents of which are properly the subject of judicial notice. *See* Fed. R. Evid. 201; *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006). The RJN is **GRANTED**.

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-7049-DMG (AJRx) | Date | October 26, 2023 |
| Title | Omar Guerra v. Clary Corporation, et al. | Page | 3 of 4 |

Emergency Rule 9(b), which tolled statutes of limitations in civil cases in California state courts due to the pandemic. MTD Opp. at 7–8. He cites examples in which judges have applied Emergency Rule 9 to state law claims in federal court, but none that would extend that reasoning to a federal claim in federal court. *Id.* at 8–9.

In fact, the California federal district courts that have addressed this issue have declined to apply Emergency Rule 9 to federal claims. *See* MTD Reply at 5–6; *Shubin v. Universal Vacation Club*, 622 F. Supp. 3d 849, 853 (C.D. Cal. 2022) (stating that "California federal courts have been hesitant to apply Emergency Rule 9, at least in cases exercising federal question jurisdiction[]" and listing cases).

While *Shubin* was decided in the context of a court sitting in diversity, this language and the authority it cites is persuasive to this Court. There is even less logic to applying Emergency Rule 9 to a federal claim being heard in federal court pursuant to federal question jurisdiction than in a case asserting diversity jurisdiction, in which choice of law considerations are heightened. *See Fink v. Ohannessian*, No. CV 21-1124-CAS (RAOx), 2023 WL 4680782, at *7 (C.D. Cal. Apr. 27, 2023) ("The Court is unaware of any binding authority regarding the applicability of Emergency Rule 9 tolling on claims brought in federal court. California district courts appear to have reached a consensus that such tolling does not apply to federal law claims brought in federal court.").

Since the sole federal claim is dismissed as time-barred, the Court **GRANTS** Defendants' motion to dismiss the FFCRA claim, declines to exercise supplemental jurisdiction over the remaining state law claims, and **REMANDS** this action to state court. *See* 28 U.S.C. § 1367(c)(3). The remaining FFCRA claim against Volt is severed and addressed below. *See* Fed. R. Civ. P. 21.

### B.    This Ruling Applies to Volt

Defendant Volt did not join the MTD, but there is no indication in the Complaint or Guerra's Opposition that there would be any facts or law that could save his FFCRA claim against it. Therefore, the FFCRA claim against Volt is dismissed as a matter of law.

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6 / REMAND

| Case No. | CV 23-7049-DMG (AJRx) | Date | October 26, 2023 |
|---|---|---|---|
| Title | *Omar Guerra v. Clary Corporation, et al.* | Page | 4 of 4 |

## IV.
## CONCLUSION

In light of the foregoing, Guerra's FFCRA claim against Defendants Clary Corporation, John Clary, Hugh Clary, Donald Ash, and Volt is **DISMISSED**. The Court declines to exercise supplemental jurisdiction over the remaining state law claims and **REMANDS** this action to the Los Angeles County Superior Court.

The October 27, 2023 hearing is **VACATED**.

**IT IS SO ORDERED**.